UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN EDMOND SARNOWSKI,<br><br>Defendants. | NO. CR19-080-RAJ<br><br><br><br>**PROTECTIVE ORDER** |

This matter comes before the Court on the Stipulated Motion for a Protective Order regarding discovery materials, as permitted by Fed. R. Crim. P. 16(d). Having considered the record and files herein, the Court finds there is good cause to grant the stipulated motion, and hence:

IT IS HEREBY ORDERED that the discovery materials discussed in the Motion for the Protective Order and referred to therein as "Protected Material," listed or marked specially as "Protected Material," may be produced to counsel for the defendant in this case.

IT IS FURTHER ORDERED that possession of Protected Material is limited to the attorneys of record in this case and their staff, and to any investigators, expert witnesses, and other agents the attorneys of record retained in connection with this case. The attorneys of record, and their investigators, expert witnesses, and other agents can review Protected Material with the defendant. The defendant can inspect and review Protected Material, but

*United States v. Sarnowski* / CR19-080-RAJ
Protective Order - 1

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

shall not be allowed to possess, photograph, or record Protected Material or otherwise retain Protected Material or copies thereof.

IT IS FURTHER ORDERED that defense counsel shall not provide Protected Material or copies thereof to any other person outside his or her law office, including the defendant or his family or associates.

IT IS HEREBY FURTHER ORDERED that the defendant, defense counsel, and others to whom disclosure of the content of the Protected Material may be necessary to assist with the preparation of the defense, shall not disclose the Protected Material or its contents, other than as necessary for the preparation of defenses at trial and in subsequent appellate proceedings, if necessary. Specifically, the attorneys of record and members of the defense team acknowledge that providing copies of the Protected Material to the defendant and other persons is prohibited, and agree not to duplicate or provide copies of the Protected Material to the defendant and other persons. This order does not limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to members of the United States Attorney's Office, federal law enforcement agencies, the Court, or witnesses in order to pursue other investigations or the prosecution in this case. Nor does it limit employees of the United States Attorney's Office for the Western District of Washington from disclosing the Protected Material to the defense as necessary to comply with the government's discovery obligations.

IT IS FURTHER ORDERED that if counsel for the defendant finds it necessary to file any documents marked as Protected Material, the material shall be filed under seal with the Court.

Nothing in this Order shall prevent any party from seeking modification of this Protective Order or from objecting to discovery that it believes to be otherwise improper. The parties agree that in the event that compliance with this Order makes it difficult for defense counsel to adhere to their Sixth Amendment obligations, or otherwise imposes an unworkable burden on counsel, defense counsel shall bring any concerns about the terms

*United States v. Sarnowski* / CR19-080-RAJ
Protective Order - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Order to the attention of the government. The parties shall then meet and confer with the intention of finding a mutually acceptable solution. In the event that the parties cannot reach such a solution, defense counsel shall have the right to bring any concerns about the scope or terms of the Order to the attention of the Court by way of a motion.

Nothing in this order should be construed as imposing any discovery obligations on the government that are different from those imposed by case law and Rule 16 of the Federal Rules of Criminal Procedure. The failure to list, mark, or designate any materials as provided in paragraph 2 shall not constitute a waiver of a party's assertion that the materials are covered by this Protective Order.

This Protective Order does not constitute a ruling on the question of whether any particular material is properly discoverable or admissible and does not constitute any ruling on any potential objection to the discoverability of any material.

IT IS FURTHER ORDERED that at the conclusion of the case, the Protected Material shall be returned to the United States, or destroyed, or otherwise stored in a manner to ensure that it is not subsequently duplicated or disseminated in violation of this Protective Order.

The Clerk of the Court is directed to provide a filed copy of this Protective Order to all counsel of record.

DATED this 6th day of May, 2019.

_Richard A. Jones_
The Honorable Richard A. Jones
United States District Judge

*United States v. Sarnowski* / CR19-080-RAJ
Protective Order - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970