The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>BRYAN EDMOND SARNOWSKI,<br><br>Defendant. | NO. CR19-080 RAJ<br><br>PLEA AGREEMENT |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and William Dreher, Assistant United States Attorney, the defendant, BRYAN EDMOND SARNOWSKI, and his attorney, Nancy Tenney, enter into the following agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B):

1. **The Charges.** The defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters pleas of guilty to the following charges contained in the Indictment:

    a.    *Possession with intent to distribute methamphetamine*, a lesser-included offense of the offense charged in Count 1 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 1
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

   b. *Possession with intent to distribute heroin*, a lesser-included offense of the offense charged in Count 2 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and

   c. *Possession of a firearm in furtherance of a drug trafficking offense*, as charged in Count 3 of the Indictment, in violation of 18 U.S.C. § 924(c).

  By entering these pleas of guilty, the defendant hereby waives all objections to the form of the charging document. The defendant further understands that before entering his guilty pleas, he will be placed under oath. Any statement given by the defendant under oath may be used by the United States in a prosecution for perjury or false statement.

  2. **Elements of the Offense.** The elements of the offenses to which the defendant is pleading guilty are as follows:

   a. *Possession with intent to distribute methamphetamine*, a lesser-included offense of the offense charged in Count 1 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C):

    <u>First</u>, the defendant knowingly possessed a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers;

    <u>Second</u>, the mixture or substance in fact contained methamphetamine, its salts, isomers, or salts of its isomers;

    <u>Third</u>, the defendant possessed it with the intent to distribute it to another person.

   b. *Possession with intent to distribute heroin*, a lesser-included offense of the offense charged in Count 2 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C):

    <u>First</u>, the defendant knowingly possessed a mixture or substance containing a detectable amount of heroin;

    <u>Second</u>, the mixture or substance in fact contained heroin;

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 2
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

<br>Third</br>, the defendant possessed it with the intent to distribute it to another person.

    c.    *Possession of a firearm in furtherance of a drug trafficking offense*, as charged in Count 3 of the Indictment, in violation of 18 U.S.C. § 924(c):

<u>First</u>, the defendant committed the crime of *Possession with intent to distribute methamphetamine*, a lesser-included offense of the offense charged in Count 1 of the Indictment, or the crime of *Possession with intent to distribute heroin*, a lesser-included offense of the offense charged in Count 2 of the Indictment;

<u>Second</u>, the defendant knowingly possessed a firearm; and

<u>Third</u>, the defendant possessed the firearm in furtherance of the crime of *Possession with intent to distribute methamphetamine*, a lesser-included offense of the offense charged in Count 1 of the Indictment, or the crime of *Possession with intent to distribute heroin*, a lesser-included offense of the offense charged in Count 2 of the Indictment.

3.    **The Penalties**.  The defendant understands that the statutory penalties applicable to the offenses to which he is pleading guilty are as follows:

    a.    *Possession with intent to distribute methamphetamine*, a lesser-included offense of the offense charged in Count 1 of the Indictment, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C): A maximum term of imprisonment of 20 years; a fine of up to $1,000,000; a period of supervision following release from prison of at least three years and up to life; and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be not less than one and no more than five years.

    b.    *Possession with intent to distribute heroin*, a lesser-included offense of the offense charged in Count 2 of the Indictment, in violation of

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 3
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

21 U.S.C. §§ 841(a)(1) and (b)(1)(C): A maximum term of imprisonment of 20 years; a fine of up to $1,000,000; a period of supervision following release from prison of at least three years and up to life; and a mandatory special assessment of $100. If a probationary sentence is imposed, the probation period can be not less than one and no more than five years.

c. *Possession of a firearm in furtherance of a drug trafficking offense,* as charged in Count 3 of the Indictment, in violation of 18 U.S.C. § 924(c): A maximum term of imprisonment of life; a mandatory minimum sentence of five years' imprisonment, to run consecutive to any other term of imprisonment; a fine of up to $250,000; a period of supervision following release from prison of up to five years; and a mandatory special assessment of $100.

The defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictive conditions and requirements. The defendant further understands that if supervised release is imposed and he violates one or more of the conditions or requirements, the defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in the defendant serving a total term of imprisonment greater than the statutory maximum stated above.

The defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

The defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 4
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

4. **Drug Offenses—Program Eligibility.** The defendant understands that by pleading guilty to a felony drug offense, the defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5. **Rights Waived by Pleading Guilty.** The defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if the defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

   e. The right to confront and cross-examine witnesses against the defendant at trial;

   f. The right to compel or subpoena witnesses to appear on his behalf at trial;

   g. The right to testify or to remain silent at trial, at which trial such silence could not be used against the defendant; and

   h. The right to appeal a finding of guilt or any pretrial rulings.

6. **Ultimate Sentence.** The defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

7. **Forfeiture of Assets.** The defendant agrees to forfeit to the United States immediately all property used in any manner or part to commit or to facilitate the commission of the offenses to which defendant is pleading guilty (charged as Counts 1-3 above) and any property constituting, or derived from, and any proceeds the defendant obtained, directly or indirectly, as the result of the commission of those offenses, that are subject to forfeiture pursuant to Title 21, United States Code, Section 853, and Title 18,

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 5
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), including but not limited to the following:

    a. A .30-06 caliber firearm with serial number 1350015;
    b. A Smith & Wesson M&P 9mm, serial number DUD7810;
    c. A .223 caliber firearm with serial number VS261399;
    d. A Ruger Blackhawk, serial number 8254871;
    e. A Marlin Firearms firearm with serial number 91589143;
    f. A Remington Arms firearm with serial number 27717;
    g. A Remington Arms 870 Express Mag shotgun, serial number B683503M;
    h. A Palmetto State Armory firearm with no serial number;
    i. A 12-gauge shotgun of unknown model and with no serial number;
    j. A firearm with serial number B255635;
    k. A firearm of unknown model and with serial number 51056;
    l. A Smith & Wesson M&P, serial number HUP6696; and
    m. Ammunition and miscellaneous firearms accessories.

Defendant agrees to fully assist the United States in the forfeiture of this property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effect forfeiture; assisting in bringing any property located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that property subject to forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to file a claim to any such property in any federal forfeiture proceeding, administrative or judicial, that may be initiated.

8. **Abandonment of Contraband.** The defendant agrees that if any federal law enforcement agency seized any firearms, ammunition, firearm accessories, or contraband that were in the defendant's direct or indirect control, the defendant abandons any and all interest in those firearms, ammunition, accessories, and contraband and

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 6
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 consents to their federal administrative forfeiture, official use, and/or destruction by the
2 federal law enforcement agency involved in the seizure of those items.

3   9.   **Statement of Facts.**   The defendant admits he is guilty of the charged
4 offenses, and the parties agree on the following facts:

   a.   On or about September 25, 2018, the defendant drove to a garage located at 20407 28th Ave. W., in Lynnwood, Washington, 98036. The defendant was arrested after entering and subsequently exiting the garage. The defendant admitted that there were illegal drugs, and specifically methamphetamine, within the garage. The defendant also admitted that there were "a lot of guns" in the garage, that he had exchanged drugs to obtain several firearms, and that several firearms were "possibly" stolen.

   b.   During a search of the garage and the defendant's car pursuant to a warrant, law enforcement found 18,768 grams of methamphetamine. The defendant possessed these 18,768 grams of methamphetamine with the intent to deliver them to another person, that is, a purchaser within the United States.

   c.   During their search of the garage and car pursuant to a warrant, law enforcement also found 1,402 grams of counterfeit pills—over 10,000 individual pills. These pills contained fentanyl, although the defendant asserts he was unaware of this. The defendant possessed these 1,402 grams of fentanyl-laced counterfeit pills with the intent to deliver them to another person, that is, a purchaser within the United States.

   d.   During their search of the garage and car pursuant to a warrant, law enforcement also found 318 grams of heroin. The defendant possessed these 318 grams of heroin with the intent to deliver them to another person, that is, a purchaser within the United States.

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 7
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

e. During their search of the garage and car pursuant to a warrant, law enforcement also found 11 firearms, ammunition, and miscellaneous firearms accessories. The 11 firearms were:

   i. A .30-06 caliber firearm with serial number 1350015;
   ii. A Smith & Wesson M&P 9mm, serial number DUD7810;
   iii. A .223 caliber firearm with serial number VS261399;
   iv. A Ruger Blackhawk, serial number 8254871;
   v. A Marlin Firearms firearm with serial number 91589143;
   vi. A Remington Arms firearm with serial number 27717;
   vii. A Remington Arms 870 Express Mag shotgun, serial number B683503M;
   viii. A Palmetto State Armory firearm with no serial number;
   ix. A 12-gauge shotgun of unknown model and with no serial number;
   x. A firearm with serial number B255635;
   xi. A firearm of unknown model and with serial number 51056.

f. Defendant possessed the Smith & Wesson M&P 9mm (serial number DUD7810) and the Remington Arms 870 Express Mag shotgun (serial number B683503) in furtherance of his possession with intent to distribute methamphetamine and heroin.

g. During their search of the garage and car pursuant to a warrant, law enforcement also found $89,543.00 in United States currency. That United States currency constitutes proceeds that the defendant obtained from the offenses to which he is pleading guilty.

h. The defendant had been renting the storage unit garage for approximately 18 months and was paying $175 per month in rent to store items there. The defendant maintained and rented the garage for the

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 8
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

purpose of storing controlled substances for distribution and storing the proceeds of that distribution.

i. At that time, the defendant was living at 2331 190th St. SW., #A, in Lynnwood, WA 98036. During a search of the defendant's residence pursuant to a warrant, law enforcement found $31,518.00 in United States currency. That United States currency constitutes proceeds that the defendant obtained from the offenses to which he is pleading guilty.

j. During their search of the defendant's residence pursuant to a warrant, law enforcement also found another firearm, a Smith & Wesson M&P, serial number HUP6696.

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or the defendant at the time of sentencing, and that the factual statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10. **United States Sentencing Guidelines**. The defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offenses, to promote respect for the law, and to provide just punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 9
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, the defendant understands and acknowledges that:

    a.    The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    b.    After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

    c.    The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    The defendant may not withdraw his guilty pleas solely because of the sentence imposed by the Court.

11. **Acceptance of Responsibility**. At sentencing, *if* the district court concludes that the defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a), and the defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the district court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because the defendant has assisted the United States by timely notifying the United States of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Recommendations Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant agrees to recommend no less than 84 months' imprisonment. The defendant understands that neither this recommendation nor the government's ultimate recommendation is binding on the Court and the Court may reject the recommendation and impose any term of imprisonment up to the statutory maximum penalty authorized by law. The defendant further understands that he cannot

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 10
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

withdraw his guilty pleas simply because of the sentence imposed by the district court. Except as otherwise provided in this plea agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to this case:

    a.    Pursuant to § 2D1.1(c)(2), the offense involved at least 30,000 KG but less than 90,000 KG of converted drug weight, resulting in a base offense level of 36.

    b.    Pursuant to § 2D1.1(b)(12), the defendant maintained a premises for the purpose of distributing a controlled substance, resulting in a 2-level increase to defendant's offense level.

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. The defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining the defendant's Sentencing Guidelines range.

14. **Non-Prosecution of Additional Offenses**. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute the defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, the defendant recognizes that, solely because of the promises made by the defendant in this Agreement, the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by the defendant. The defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by the defendant.

The defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 11
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

States, were not vexatious, frivolous or taken in bad faith, and do not provide the defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

15. **Breach, Waiver, and Post-Plea Conduct.** The defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and the defendant may be prosecuted for all offenses for which the United States has evidence. The defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. The defendant also agrees that if he is in breach of this Plea Agreement, he has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted.

The defendant further understands that if, after the date of this Agreement, the defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of his confinement, (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against the defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

16. **Waiver of Appellate Rights and Rights to Collateral Attacks.** The defendant acknowledges that by entering the guilty pleas required by this Plea Agreement, he waives all rights to appeal from his conviction and any pretrial rulings of the court. The defendant further agrees that, provided the court imposes a custodial sentence that is within

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 12
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, the defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude the defendant from bringing an appropriate motion, pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If the defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute the defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

17. **Voluntariness of Plea**. The defendant agrees that he has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce the defendant to enter his pleas of guilty.

18. **Statute of Limitations**. In the event this Agreement is not accepted by the Court for any reason, or the defendant has breached any of the terms of this Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by the defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 13
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

19. **Completeness of Agreement**. The United States and the defendant acknowledge that, except as to certain matters set forth during the plea colloquy in open court, if any, these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 8th day of October, 2019.

_____
BRYAN EDMOND SARNOWSKI
Defendant

_____
NANCY TENNEY
Attorney for Defendant

_____
S. KATE VAUGHAN
Assistant United States Attorney

_____
WILLIAM DREHER
Assistant United States Attorney

PLEA AGREEMENT // BRYAN EDMOND SARNOWSKI - 14
CR19-080 RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970